■ In the Matter of NORTHERN YARN MFG. CORP., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed August 30, 1979, which reversed a decision of an Administrative Law Judge and sustained an initial determination of the Industrial Commissioner holding that the employer does not qualify for a fixed tax rate of 3% under section 581 (subd 2, par [e]) of the Labor Law, and (2) from a decision of the board, filed December 3, 1979, which denied the employer's application for reopening and reconsideration. The employer herein is admittedly engaged solely in the processing of yarn, i.e., dyeing and winding yarn for knitting into apparel, and when the processing is completed, the yarn is sold to companies which use the yarn for

knitting into apparel. Such being the case, the employer is concededly not engaged in either the actual production of clothing or the tanning and finishing of hides into leather, but rather merely prepares yarn for subsequent use by clothing manufacturers. Under these circumstances, the employer is clearly not primarily engaged in the "apparel industry" as that term is expressly defined in section 581 (subd 2, par [e]) of the Labor Law, and, therefore, the board rightfully concluded that the employer should not be permitted to pay the fixed 3% tax rate set forth in that statute for those primarily engaged in the apparel industry. The employer's remaining contentions are also without merit. Clearly, this employer and others similarly situated are not the victims of unconstitutional discrimination merely because different businesses are allowed to pay the 3% tax rate, and there has been absolutely no showing that the board abused its discretion in refusing to reopen and reconsider its original decision. Decisions affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.